IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC L. ESPINOZA,

       Plaintiff,

vs.                                                           No. CIV 09-0343 RB/WDS

BOARD OF COUNTY COMMISSIONERS
OF RIO ARRIBA COUNTY, NEW MEXICO,
Rio Arriba County Detention Center, a New Mexico
Governmental Entity; BIDAL A. CANDELARIA,
Individually and in his Official Capacity as Director,
Rio Arriba County Detention Center; DENNIS R.
HERRERA, Individually and in his Official Capacity
as Assistant Administrator for Security, Rio Arriba
County Detention Center; and EIGHT UNIDENTIFIED
CORRECTIONS OFFICERS OF THE RIO ARRIBA
COUNTY DETENTION CENTER, Individually and in
their Official Capacities,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** is before the Court on Defendants' Motion in Limine to Exclude the Opinion Testimony of Plaintiff's Expert Matthew McKinley, M.D. (Doc. 37), filed on June 7, 2010. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. Having considered the submissions and arguments of counsel, and being otherwise fully advised, the Court grants this motion in part, as further described herein.

**I.**      **Background.**

       On April 7, 2009, Plaintiff filed his Complaint for Civil Rights Violations (Excessive Use of Force Against a Jail Inmate). Therein, Plaintiff alleges that, on April 25, 2007, he was an inmate at the Rio Arriba County Detention Center when a disturbance arose. In quelling the disturbance,

corrections officers shot Plaintiff with mace balls, twisted his left arm, and handcuffed him.

Plaintiff alleges that the officers used excessive force and his wrists were seriously injured. Upon his release from custody, Dr. Matthew McKinley examined Plaintiff's wrists at Española General Hospital. Dr. McKinley advised Plaintiff that surgery would be necessary to attempt a correction of Plaintiff's injury, and even with surgery, continued swelling was likely, and permanent damage to the wrists was possible. (*Id.*) In his Complaint, filed on April 7, 2009, Plaintiff alleges: (1) municipal and supervisory liability; (2) excessive force under §1983 and the New Mexico Tort Claims Act; and (3) punitive damages. Plaintiff seeks money damages, a declaratory judgment, attorney's fees, and costs.

On September 21, 2009, the Honorable W. Daniel Schneider, United States Magistrate Judge, held a scheduling conference and set pretrial deadlines. The Scheduling Order, filed on September 22, 2009, set the deadline for Plaintiff to identify expert witnesses as November 20, 2009. On February 3, 2010, the discovery deadline of February 18, 2010, was extended to April 18, 2010.

Plaintiff has not disclosed an expert report for Dr. McKinley, or any other physician.

In their Motion in Limine to Exclude the Opinion Testimony of Plaintiff's Expert Matthew McKinley, M.D., Defendants assert that "Plaintiff's failure to disclose the report has deprived the defendant of the opportunity to depose Dr. McKinley, challenge his credentials, solicit expert opinions of its own, or conduct expert-related discovery." (Doc. 37 at 4.) Defendants state that they relied on Plaintiff's answer to Defendant's Interrogatory No. 21, wherein Plaintiff stated, inter alia, that Dr. McKinley treated Plaintiff for pain in his left hand, as a result of the incident, and he would

2

disclose Dr. McKinley's qualifications with Plaintiff's expert disclosures. (Def. Ex. B, Doc. 37-1.) Defendants request that "that Dr. Matthew McKinley's testimony be excluded, specifically his testimony as to causation, and that Plaintiff be ordered to pay the costs, including attorney's fees, for the preparation of this motion." (*Id.* at 4-5.)

Plaintiff responds that Dr. McKinley is a treating physician, and Plaintiff does not intend to introduce Dr. McKinley's opinion testimony, or his testimony as to causation. Instead, Plaintiff intends to call Dr. McKinley to testify as a witness to authenticate medical records and to testify as to his personal knowledge of what treatment was provided. Plaintiff states that he identified Dr. McKinley as a witness in his initial disclosures, which were served on September 22, 2009, as well as in response to Defendants' Interrogatory.

In their reply, Defendants state that:

> Based on Plaintiff's assertion that Dr. McKinley would be designated as an expert, it would have been premature to depose Dr. McKinley before his report was provided. At no time before the filing of his response to this Motion did the Plaintiff indicate to the defendants that Dr. McKinley would be not be testifying as an expert witness. Had this happened, Defendants could have deposed Dr. McKinley as to his personal knowledge and treatment of the Plaintiff. The Plaintiff is attempting to take advantage of a situation that he created and should not be allowed to benefit from his own misinformation. Defendants have been prejudiced by the actions of the Plaintiff in this case. The Plaintiff was not substantially justified in failing to properly inform the Defendants of Dr. McKinley's status in the case.

(Doc. 50 at 3.)

**II.    Discussion.**

Rule 26(a)(2) requires that a party disclose to the other party the identity of any expert witness who may be used at trial to present evidence. Fed. R. Civ. P. 26(a)(2)(A). If the witness is one retained or specially employed to provide expert testimony in the case, the disclosure must

3

be accompanied by a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). The expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as information about the data considered, the witness's qualifications, the compensation earned, and any other recent cases in which he offered testimony. *Id*.

According to Rule 37(c)(1), a party that fails to identify an expert witness under Rule 26(a) is not permitted to use that witness's testimony on a motion, at a hearing, or at a trial, unless the failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). It is undisputed that Plaintiff has not provided Defendants with the information required by Rule 26(a)(2)(B). For this reason, Dr. McKinley may not testify as an expert witness. However, Plaintiff does not intend to call Dr. McKinley as an expert; he intends to call Dr. McKinley as a treating physician.

Generally, treating physicians are not subject to the Rule 26(a)(2)(B) requirements. The advisory committee notes for the 1993 amendments to Rule 26 state that "[a] treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." The Tenth Circuit has observed that "[a] treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party." *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999). Dr. McKinley may testify as a fact witness regarding his observations and decisions during treatment of Plaintiff, who is his patient.

Additionally, as a lay witness, a treating physician "may testify as to any opinion '(a) rationally based on the perception of the witness and (b) helpful to a clear understanding . . . of a fact in issue.' " *Weese v. Schukman*, 98 F.3d 542, 550 (10th Cir. 1996) (quoting Fed. R. Evid. 701). In

*Weese*, the Tenth Circuit noted that, in accordance with Rule 701, "any opinions offered by [a lay witness doctor] were based on his experience as a physician and were clearly helpful to an understanding of his decision-making process in the situation." *Id.* Accordingly, Dr. McKinley may testify as to diagnosis, prognosis, and other opinions arising out of the treatment based on his observations of Plaintiff and his experience as a physician.

Defendants point out that they were prevented from taking Dr. McKinley's deposition by Plaintiff's representation that Dr. McKinley would be disclosed as an expert. The Court is concerned that Defendants may have been "sandbagged" by Plaintiff's representation and failure to follow through on such representation. If Dr. McKinley were permitted to testify at trial without having been deposed, Defendants could be prejudiced. In order to avoid such prejudice, the Court will reopen discovery for thirty days for the limited purpose of allowing Defendants to take the deposition of Dr. McKinley.

Defendants request an award of attorney's fees and costs incurred in connection with this Motion. Due to Plaintiff's "bait and switch" tactics with regard to Dr. McKinley, Defendants were forced to file this Motion and incur attorney's fees and costs. Under these circumstances, an award of attorney's fees and costs is warranted, provided that Defendants submit the appropriate materials. *See* D.N.M.LR-Civ.54.5(a) (stating a party seeking attorney's fees "must submit a supporting brief and evidence (affidavits and time records).")

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion in Limine to Exclude the Opinion Testimony of Plaintiff's Expert Matthew McKinley, M.D. (Doc. 37), filed on June 7, 2010, is **GRANTED** in

part.

**IT IS FURTHER ORDERED** that Dr. McKinley may not testify as an expert witness.

**IT IS FURTHER ORDERED** that Dr. McKinley may testify as to his observations and decisions during treatment of Plaintiff, as well as his opinions concerning diagnosis, prognosis, and treatment.

**IT IS FURTHER ORDERED** that discovery is reopened for thirty days from the date of this Order for the limited purpose of allowing Defendants to take the deposition of Dr. McKinley.

**IT IS FURTHER ORDERED** that Defendants' request for an award of attorney's fees and costs may be **GRANTED**, provided that Defendants submit appropriate supporting materials within thirty days of the date of this order.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**