IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ERIC L. ESPINOZA,**

      **Plaintiff,**

vs.                                                                                                  No. CIV 09-0343 RB/WDS

**BOARD OF COUNTY COMMISSIONERS
OF RIO ARRIBA COUNTY, NEW MEXICO,
Rio Arriba County Detention Center, a New Mexico
Governmental Entity; BIDAL A. CANDELARIA,
Individually and in his Official Capacity as Director,
Rio Arriba County Detention Center; DENNIS R.
HERRERA, Individually and in his Official Capacity
as Assistant Administrator for Security, Rio Arriba
County Detention Center; and EIGHT UNIDENTIFIED
CORRECTIONS OFFICERS OF THE RIO ARRIBA
COUNTY DETENTION CENTER, Individually and in
their Official Capacities,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR ATTORNEYS' FEES

**THIS MATTER** is before the Court on Defendants' Motion for Attorneys' Fees (Doc. 79), filed on August 26, 2010. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions and arguments of counsel, and being otherwise fully advised, the Court grants this Motion.

**I.     Background.**

On July 30, 2010, the Court issued a Memorandum Opinion and Order that granted, in part, Defendants' Motion in Limine to Exclude the Opinion Testimony of Plaintiff's Expert Matthew McKinley, M.D. (Doc. 76). Therein, the Court expressed concern that Defendants may have been "sandbagged" by Plaintiff's representation and his failure to follow through on such representation.

(Doc. 67 at 5). The Court observed that, if Dr. McKinley were permitted to testify at trial without having been deposed, Defendants could be prejudiced. *Id.* In order to avoid such prejudice, the Court reopened discovery for thirty days for the limited purpose of allowing Defendants to take the deposition of Dr. McKinley. (Doc. 67 at 5-6).

In their Motion in Limine to Exclude the Opinion Testimony of Plaintiff's Expert Matthew McKinley, M.D., Defendants requested an award of attorney's fees and costs incurred in connection therein. As to this request, the Court stated:

> Due to Plaintiff's "bait and switch" tactics with regard to Dr. McKinley, Defendants were forced to file this Motion and incur attorney's fees and costs. Under these circumstances, an award of attorney's fees and costs is warranted, provided that Defendants submit the appropriate materials. *See* D.N.M.LR-Civ.54.5(a) (stating a party seeking attorney's fees "must submit a supporting brief and evidence (affidavits and time records).")

(Doc. 67 at 5).

Defendants timely filed their Motion for Attorneys' Fees and included a Memorandum in support thereof. (Doc. 79). Defendants attached the Affidavit of R. Galen Reimer, an attorney for Defendants, and time records itemizing the time expended in connection with the motion in limine regarding Dr. McKinley. (Doc. 79-1). Defendants request an award in the amount of $851.00. *Id.* In his response, Plaintiff asserted that an award of attorneys' fees was unwarranted and the request for attorneys' fees "should be denied or reduced to an amount the Court deems equitable and proper." (Doc. 82 at 8). Defendants filed a reply, observing that the Court determined an award of attorneys's fees was appropriate, and requesting an additional $297 in attorneys' fees for the time expended in preparing the reply for the motion for attorneys' fees. (Doc. 88).

**II.     Discussion.**

Generally, "absent statute or enforceable contract, litigants pay their own attorneys' fees." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). This so-called "American Rule" holds that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Id*., 421 U.S. at 247.  Nonetheless, "[t]he federal judiciary has recognized several exceptions to the general principle that each party should bear the costs of its own legal representation." *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974). One such exception allows courts to assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO*, 501 U.S. 32, 44-45 (1991). This exception "derives from the inherent power of the federal courts to sanction conduct that abuses the judicial process." *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 761 (10th Cir. 1997). Defendants are entitled to an award of attorney's fees because Plaintiff engaged in vexatious and oppressive litigation, by engaging in "bait and switch" tactics with regard to Dr. McKinley.

The determination of a reasonable attorney's fee is guided by calculation of the "lodestar" amount. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The lodestar figure is the presumptively reasonable fee, and the court may adjust the lodestar amount upward or downward as necessary. *Blum v. Stenson*, 465 U.S. 886, 888 (1984).

The first step in calculating the lodestar amount is to determine the prevailing market rate in the community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n. 11; *see also Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th

3

Cir. 2006). R. Galen Reimer, a senior attorney at the Albuquerque law firm of Guebert Bruckner, P.C., requests compensation at the rate of $125.00 per hour for himself, and compensation at the rate of $110.00 per hour for Paul M. Cash, an associate attorney at Guebert Bruckner, P.C. In support of these rates, Mr. Reimer has submitted an affidavit stating that he has been admitted to practice law in New Mexico since 1983. Moreover, Mr. Reimer states that these rates are reasonable in comparison with the hourly rates charged by law firms for similar work in Albuquerque, New Mexico.

The claimed hourly rates are reasonable, given Mr. Reimer's experience. The Court takes judicial notice that similar rates have been awarded in civil rights litigation in the District of New Mexico. These rates reflect the market rate for attorneys in New Mexico for the defense of such cases. Indeed, Plaintiff does not specifically object to the claimed hourly rates. Accordingly, the Court finds that $125.00 is a reasonable hourly rate for Mr. Reimer, and $110.00 is a reasonable rate for Mr. Cash.

After determining the reasonable hourly rate, this Court must determine whether counsel has exercised billing judgment with respect to the claimed number of hours worked. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998). Counsel must make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude hours from his fee submission." *Hensley*, 461 U.S. at 434.

Mr. Reimer and Mr. Cash expended a total of 5.7 hours on the motion in limine, the reply, the motion for attorneys' fees, memorandum in support thereof, and the affidavit of Mr. Reimer.

Plaintiff does not specifically object to this amount of time. Additionally, Mr. Cash expended 1.48 hours in preparing the reply to the motion for attorneys' fees. The Court finds that an award for the time spent on the reply would be inappropriate as Plaintiff was entitled to an opportunity to challenge the award.

The Court has carefully reviewed the billing records submitted by Mr. Reimer and Mr. Cash and found them to be adequate. The time sheets demonstrate that Mr. Reimer and Mr. Cash exercised appropriate billing judgment. The number of hours expended is reasonable. Neither an upward nor a downward adjustment of the lodestar amount is necessary under the circumstances of this case. *Blum v. Stenson*, 465 U.S. at 888. Accordingly, Defendants are awarded a total of $851.00 in attorneys' fees.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Attorneys' Fees (Doc. 79), filed on August 26, 2010, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay Defendants the amount of $851.00 as reasonable attorney's fees, no later than October 22, 2010.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**